UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-19-3

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19CR 314 (SRU) |
| v. | VIOLATIONS: |
| BABAR KHAN and | 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud) |
| KHATIJA KHAN | 18 U.S.C. § 1341 (Mail Fraud) |
| | 26 U.S.C. § 7206(1) (False Tax Return) |

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Commit Mail Fraud)

#### The Defendants – Babar Khan and Khatija Khan

1. At all times relevant to this Indictment, the defendants BABAR KHAN and KHATIJA KHAN were United States citizens and residents of Connecticut.

#### JLLAS CORP. and EIMAAN LLC

2. At all times relevant to this Indictment, BABAR KHAN and KHATIJA KHAN, who are married, were the directors of JLLAS CORP. and the co-owners of EIMAAN LLC. They created and used these two entities to provide services to clients involved in immigration proceedings with United States Citizenship and Immigration Services ("USCIS").

#### The Conspiracy

3. From in or about May 2015 until in or about January 2018, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, BABAR KHAN and KHATIJA KHAN, with the intent to defraud, conspired, combined, confederated, and agreed with

each other to commit mail fraud, in violation of Title 18, United States Code, Section 1341, that is, to devise a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance of that scheme and conspiracy used and caused the use of the mail. The purpose of the scheme was for the KHANs to enrich themselves at the expense of their clients.

### Manner and Means of the Conspiracy

4. As part of the scheme to defraud, BABAR KHAN and KHATIJA KHAN recruited clients who sought some form of immigration status, relief, and benefit. KHATIJA KHAN represented herself as an attorney with a background in immigration matters, even though she was not an attorney. These clients paid the KHANs to file petitions and applications on their behalf with USCIS. Many of these clients were aliens residing in the United States without legal status. They had limited education, a limited ability to understand English, and little to no knowledge of the documents that BABAR KHAN and KHATIJA KHAN were filing with USCIS on their behalf. Ultimately, many such clients received no relief from USCIS despite paying the KHANs significant amounts of money.

5. As part of the scheme to defraud, BABAR KHAN and KHATIJA KHAN prepared petitions and applications for their clients that contained information which the KHANs knew to be false. Despite knowing that these documents contained false information, the KHANs mailed, and caused to be mailed, these documents to USCIS, where they were received and made part of the official Alien file corresponding to each respective client.

6. As part of the scheme to defraud, BABAR KHAN and KHATIJA KHAN fabricated false documents in support of their clients' applications with USCIS without their clients' knowledge. Despite knowing that these fabricated documents were false, the KHANs mailed, and

caused to be mailed, these documents to USCIS, where they were received and made part of the official Alien file of each respective client.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO, THREE, AND FOUR
(Mail Fraud)

7. Paragraphs 1 through 6 of this Indictment are incorporated by reference.

8. From in or about May 2015 until in or about January 2018, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants BABAR KHAN and KHATIJA KHAN, with the intent to defraud, devised a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises.

9. On or about the dates set forth below, for the purpose of executing the above-described scheme and artifice to defraud, BABAR KHAN and KHATIJA KHAN, as indicated below, knowingly caused to be delivered to USCIS by mail any matter and thing, that is, documents as described below, each constituting a separate count of this Indictment:

| | | | |
|---|---|---|---|
| COUNT TWO | KHATIJA KHAN | September 4, 2015 | False employment verification letter in support of a client's Form I-821D for the Consideration of Deferred Action for Childhood Arrivals |
| COUNT THREE | BABAR KHAN | March 11, 2016 | False and altered document regarding a client's educational status to support the client's Form I-821D for the Consideration of Deferred Action for Childhood Arrivals |
| COUNT FOUR | BABAR KHAN | April 8, 2016 | Form I-130, Petition for Alien Relative, which contained false information about the client's marriage to a United States citizen |

Each in violation of Title 18, United States Code, Section 1341.

3

## COUNT FIVE
(Babar Khan – Making and Subscribing a False Tax Return)

10. On or about February 13, 2018, in the District of Connecticut, the defendant BABAR KHAN did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and Khatija Khan, who is not named as a defendant in this count, for the calendar year 2016, which income tax return was verified by a written declaration that it was made under penalties of perjury and which BABAR KHAN did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported taxable income of $0 and a tax due of $243, whereas, as BABAR KHAN then and there knew and believed, he did not report approximately $27,901 in additional taxable income, and he did not report and pay an additional $7,942 in federal taxes that were owed for 2016.

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY