

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203) 821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

February 28, 2022

Richard Reeve, Esq.
Sheehan & Reeve
350 Orange Street, Suite 101
New Haven, CT 06511

    Re:    **United States v. Babar Khan**
             **Criminal No. 3:19CR314(SRU)**

Dear Attorney Reeve:

This letter confirms the plea agreement between your client, Babar Khan (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEAS AND OFFENSES

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the indictment charging Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 and Count Five charging Making and Subscribing a False Tax Return in violation of 26 U.S.C. § 7206(1).

The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

Count One – Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349

1. That on or about the dates charged in Count One of the indictment, a conspiracy existed to commit mail fraud; and

2. That the defendant knowingly and intentionally became a member of that conspiracy.

Count Five – Making/Subscribing a False Tax Return in violation of 26 U.S.C. § 7206(1)

1. That the defendant subscribed and filed a tax return;

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 2*

   2. That the return contained a written declaration that it was made under penalty of perjury;

   3. That the defendant did not believe the return to be true and correct as to every material matter; and

   4. That the defendant acted willfully.

## **THE PENALTIES**

### Imprisonment

Count One carries a maximum penalty of 20 years of imprisonment. Count Five carries a maximum penalty of three years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment for Count One, and not more than one year to begin after any term of imprisonment for Count Five. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years for Count One and up to one year for Count Five pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

Count One carries a maximum fine of $250,000, whereas Count Five carries a maximum fine of $100,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000; or (4) for solely Count Five, the amount specified in the section defining the offense, which is $100,000.

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 3*

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day ~~the guilty plea is accepted.~~ of sentencing.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, Babar Khan agrees to make restitution, jointly and severally with co-defendant Khatija Khan, at least in the amount of $123,495 to the victims identified in Appendix A to the Stipulation of Offense Conduct and Relevant Conduct to this plea agreement letter. The defendant acknowledges that additional victims may come forward prior to sentencing, and if so, the Court may order the defendant to make restitution to those additional victims. The defendant agrees to make such restitution in accordance with the schedule ordered by the Court.

### Tax Restitution

The defendant agrees that his tax restitution is $7,942 for the Tax Year 2016 and that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon criminal restitution, including agreeing to sign IRS Form 8821, "Tax Information Authorization." The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103, 7213, and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties. Finally, the defendant agrees to sign the Revenue Agent's Report (Form 4549) at or before sentencing, setting forth the defendant's civil tax liability for tax year 2016.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 4*

administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute.

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 5*

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

For Count One, the defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. Eight (8) levels are added under U.S.S.G. § 2B1.1(b)(1)(E) because the loss attributable to the defendant is more than $95,000 but less than $150,000. Four (4) additional levels are added under U.S.S.G. § 2B1.1(b)(2)(B) because the defendant's offense conduct resulted in substantial financial hardship to five (5) or more victims. Two (2) additional levels are added under U.S.S.G. § 3A1.1(b)(1) because the defendant knew, or should have known, that a victim of the offense conduct was a vulnerable victim. Thus, the adjusted offense level for Count One is 21.

For Count Five, the defendant's base offense level under U.S.S.G. § 2T1.1(a)(1) and 2T4.1(C) is 10 based on a tax loss of more than $6,500 but less than $15,000. There are no adjustments to Count Five.

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 6*

The parties agree that pursuant to U.S.S.G. § 3D1.2, the offenses charged in Counts One and Five are treated separately and are not grouped. Under the unit analysis set forth in U.S.S.G. § 3D1.4, no additional units are added pursuant to U.S.S.G. § 3D1.4(c). Accordingly, the defendant's adjusted offense level for both Counts One and Five is 21.

The parties agree that three (3) levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility as noted above, which yields a total offense level 18.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 18, assuming a Criminal History Category I, would result in a range of 27 to 33 months of imprisonment (sentencing table) and a fine range of $10,000 to $100,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

Both parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 7*

### Waiver of Right to Proceed In-Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 33 months of imprisonment, a three-year term of supervised release, a $200 special assessment, a fine of $10,000, a restitution order of $123,495 for which the defendant and Khatija Khan are jointly and severally liable, and a tax restitution order of $7,942 (which the defendant acknowledges does not include penalties and interest), even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense in Count One to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 10*

the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in conspiring to commit mail fraud and committing mail fraud as well as subscribing a false tax return, which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 11*

      This letter shall be presented to the Court, in open court, and filed in this case.

      Very truly yours,

      LEONARD C BOYLE
      UNITED STATES ATTORNEY

      _____
      HAROLD H. CHEN
      ASSISTANT UNITED STATES ATTORNEY

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      02/28/2022
BABAR KHAN      Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      2/28/22
RICHARD REEVE, ESQ.      Date
Attorney for the Defendant

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant, Babar Khan, and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the indictment:

Since at least 2014, Khatija Khan and Babar Khan ("the Khans") were the directors of JLLAS CORP. and the co-owners of EIMAAN LLC. They used these two entities to recruit clients who sought immigration status, relief, or benefits in proceedings before United States Citizenship and Immigration Services ("USCIS"). The Khans told their clients that they could assist them. In particular, Khatija Khan stated that she was an attorney with a background in immigration matters, even though she was not an attorney. To obtain fees from their clients, the Khans filed petitions and applications with USCIS, even when these submissions lacked merit or a legitimate factual or legal basis.

Khatija Khan and Babar Khan prepared petitions and applications for clients, as listed in Appendix A, that contained information which the Khans knew to be false. Without their clients' knowledge, the Khans also agreed to fabricate false documents to support some claims made to USCIS. Despite knowing that these documents contained false information, both Khans mailed, and caused to be mailed, these documents to USCIS, where such documents were received and made part of the official Alien file corresponding to each respective client.

Khatija Khan would routinely misrepresent to clients the substance of the petitions and applications that she and Babar Khan filed with USCIS, as well as the chances of approval by USCIS. Their clients were mainly aliens from Latin American countries who resided in Connecticut and lacked legal immigration status. Most had limited education, a limited ability to communicate and comprehend English, and a minimal understanding of the petitions, applications, and documents that the Khans were filing (or claiming to file) on their behalf with USCIS. In certain cases, Khatija Khan took clients' money without ever filing any petitions or applications for them. Babar Khan knew, or should have known, that at least one of these clients was a vulnerable victim.

The Khans' clients worked primarily in low-wage hourly jobs, but still paid the substantial fees demanded by the Khans for their purported assistance. The Khans took and kept their clients' money, even though the Khans did not achieve the results that they had promised. In particular, Khatija Khan demanded additional payment from some clients, even when she or Babar Khan performed no additional work on their behalf. Babar Khan knew that these financial losses constituted a substantial financial hardship to the victims listed in Appendix A.

The government and Babar Khan stipulate that Babar Khan was in Pakistan caring for his parents for substantial periods for each year between 2014 and 2019.

With respect to Count Five, on or about February 13, 2018, in the District of Connecticut, Babar Khan made and subscribed a joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and Khatija Khan, for the calendar year 2016 under penalty of perjury. This

Richard Reeve, Esq.
February 28, 2022
Page 13

income tax return, which was filed with the IRS, reported taxable income of $0 and a tax due of $243. Babar Khan did not believe the income tax return was true and correct as to every material matter. Babar Khan admits herein that he knowingly did not report approximately $27,901 in additional taxable income, and did not report and pay an additional $7,942 in federal taxes that were owed for 2016. Babar Khan stipulates that he took care of the filing of joint income tax returns for himself and Khatija Khan.

      This written stipulation and Appendix A are part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
BABAR KHAN
The Defendant

_____
HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

_____
RICHARD REEVE, ESQ.
Attorney for the Defendant

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 14*

## APPENDIX A

| YEAR | VICTIM NAME | TOTAL LOSS |
|---|---|---|
| 2015, 2016 | W.H.L. | $4,400 |
| 2016, 2017 | S.A. | $7,900 |
| 2015 | R.L.F. and D.P. | $10,760 |
| 2017-2019 | R.A.M. and L.F. | $14,395 |
| 2015-2019 | H.S. | $15,000 |
| 2014 | G.D. and A.L. | $13,980 |
| 2018, 2020 | R.P. | $11,375 |
| 2016 | A.M.M.V. | $6,500 |
| 2018, 2019 | M.V.P.N. | $24,860 |
| 2016 | K.E.C. | $4,500 |
| 2018-2020 | D.G. | $9,825 |
| | **Total:** | **$123,495** |

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 15*

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

*Richard Reeve, Esq.*
*February 28, 2022*
*Page 16*

may also order that the defendant give notice to any victims of his offense under 18 U.S.C. § 3555.